Judge MELANSON,
concurring in the result.
I concur in Part A of the lead opinion to the extent that it holds that there was no constitutional violation because the instruction was not coercive. In my view, however, the instruction did violate our Supreme Court’s prohibition against such instructions announced in State v. Flint, 114 Idaho 806, 761 P.2d 1158 (1988). It seems to me that the purpose of the Flint ruling was to avoid even the risk that these instructions might have a coercive effect upon minority jurors and also avoid the need for appellate review of instructions of this kind in order to attempt to determine whether there was such an effect. Here, fundamental error review was not appropriate because there was no constitutional violation but “only” a violation of a rule of court, a violation which does not invoke fundamental error. See State v. Perry, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010). In my view, trial courts should continue to refrain from giving these types of instructions except to the narrow extent permitted by Flint and never after jurors have declared themselves deadlocked. Therefore, I concur in the result. I concur fully with Part B.